IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSIE WARE, an Individual,

Plaintiff,

v.

PFIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware Corporation; MONSANTO COMPANY, a Delaware Corporation; G.D. SEARLE, LLC, a Delaware Corporation; Robert Vandelune; And fictitious Defendants A,B,C and D being those persons, firms or corporations whose actions, inactions, fraudulent suppression, fraud, scheme to defraud and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained,

Defendants.

Case No.: CV-2:05-CV-0659-SRW

**NOTICE OF REMOVAL**

TO: United States District Court for the Middle District of Alabama

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company, see Paragraph 9), and Pfizer Inc. ("Pfizer") (collectively hereinafter "Corporate Defendants") hereby remove this action from the Circuit Court of Barbour County, State of Alabama to the United States District Court for the Middle District of Alabama Northern Division and allege as follows:

RECEIVED
2005 JUL 15 P 4:59
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

1. Searle, Pharmacia, Pfizer, and Robert Vandelune are the Defendants in this action originally filed in the Circuit Court of Barbour County, State of Alabama and captioned *Rosie Ware v. Pfizer Inc., et. al*, Case # CV-2005-040.

2. On June 14, 2005 Plaintiff filed this action in the Circuit Court of Barbour County, Clayton Division, State of Alabama. This action is brought on behalf of Plaintiff "for injuries resulting in stroke" and "seeks monetary damages for personal injuries caused by the drugs named herein and ingested by Plaintiff." (Complaint ¶ 1).

3. There is jurisdiction over this removed action pursuant to 28 U.S.C. § 1441, because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332. Specifically, this Court has subject matter jurisdiction over this action because there is the requisite diversity of citizenship between Plaintiff and the properly joined Corporate Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. <u>JURISDICTIONAL BASIS FOR REMOVAL</u>

4. This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (2) there is the requisite diversity of citizenship among the properly joined Corporate Defendants.

### A. The Amount In Controversy Is Satisfied

5. It is facially apparent that Plaintiff asserts claims that if proved would exceed $75,000 exclusive of interests and costs. Since the complaint seeks an unspecified amount of damages, Defendants must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) *(quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357

(11th Cir. 1996)). The following allegations in Plaintiff's Complaint support a finding of the requisite amount in controversy. This is a personal injury product liability action alleging injury arising out of the use of Celebrex®, a prescription medication. Plaintiff alleges that Celebrex® caused Plaintiff's stroke and seeks damages for personal injury, mental anguish, economic losses (medical expenses), non-economic losses and punitive damages. Defendants deny any wrongdoing. Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interests and costs. *See* Exhibit 1. Further, appellate courts routinely uphold verdicts in excess of $75,000 in such cases. *See, e.g., Toole v. McClintock*, 999 F.2d 1430 (11th cir. 1993) (addressing on appeal an award of $400,000 in compensatory and $ 5,000,000 in punitive damages in a medical product liability case); *Benford v. Richards Med. Co.*, 792 F.2d 1537 (11th Cir. 1986) (discussing an award of $165,000 in compensatory and $100,000 in punitive damages in a medical product liability case).

**B. Complete Diversity of Citizenship Exists Between the Properly Joined Parties**

6. Upon information and belief, Plaintiff Rosie Ware is, and at the time this suit was filed was, a resident and citizen of the state of Alabama. (Complaint ¶ 2).

7. Defendant Searle was at the time of filing of this action, and still is, a limited liability company existing under the laws of the State of Delaware, having its principal place of business in the State of Illinois. Therefore, Searle is not now, nor was at the time of filing this action a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

8. Defendant Pharmacia was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Therefore, Pharmacia Corporation is not now, nor was at the

time of filing this action, a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

9. Defendant Monsanto Company, as an entity relevant to this action, changed its name to Pharmacia Corporation in 2000, the same entity in Paragraph 8 above.

10. Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New York. Therefore, Pfizer Inc. is not now, nor was at the time of filing this action, a citizen of the State of Alabama for purposes of determining diversity. 28 U.S.C. § 1332 (c)(1).

11. Defendant Robert Vandelune, alleged by Plaintiff to be a citizen of Alabama, is fraudulently joined and/or fraudulently misjoined in an attempt to defeat diversity and prevent removal. As such, his citizenship should be disregarded in determining if there exists complete diversity. *See, e.g. Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) *rev'd on other grounds,* 204 F.2d 1069 (11th Cir. 2000); *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

12. The complaint also purports to state claims against unnamed, fictitious defendants identified as defendants A, B, C and D. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a).

## II. THE SALES REPRESENTATIVE HAS BEEN FRAUDULENTLY JOINED

13. Plaintiff purports to state claims against Defendant Robert Vandelune ("Sales Representative"), who is the only non-diverse defendant. According to the complaint, Defendants collectively marketed and distributed Celebrex in Barbour County, Alabama.

(Complaint ¶ 11). As set forth below, there is no reasonable possibility that plaintiff can prevail on her claims against the Sales Representative. Thus, he has been fraudulently joined, and his citizenship must be disregarded for the purposes of determining jurisdiction.

**A. The Fraudulent Joinder Standard**

14. In this Circuit, the fraudulent joinder standard is as follows:

> Joinder has been deemed fraudulent in [three] situations. The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. . . . The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts. . . . In *Tapscott*, 77 F.3d at 1355 (11th Cir. 1996) (*rev'd on other grounds)*, a third situation of fraudulent joinder was identified – i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.

*Triggs,* 154 F.3d at 1287-89 (internal citations omitted) (emphasis added). While this standard is described as requiring that a defendant establish that there is no possibility that the plaintiff might prevail against a non-diverse defendant, courts reject the suggestion that "any mere theoretical possibility of recovery under local law . . .suffices to preclude removal." *Travis v. Irby,* 2003 WL 1614211 at *3 (5th Cir. March 28, 2003). Rather, numerous circuits have recognized that the standard is more correctly described as requiring a showing that there is *no reasonable basis* for predicating liability against the fraudulently joined defendant. *Id. See also In re Rezulin Prods. Liab. Litg.,* 133 F.Supp. 2d 272, 280 n.4 (explaining same); *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (applying "arguably a reasonable basis" test (quoting *Bobby Jones Garden Apt. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968)); *BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002) (applying "reasonable basis" test); *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 879 (7th Cir. 1999) (noting that it

cannot "say that there is no possibility that a state court would someday" recognize plaintiff's liability theory, but upholding removal because that currently "is not a reasonable possibility"); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (applying "reasonable basis" test); *see also Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 590 (S.D. Fla. 1983) (applying "arguably reasonable basis" test); *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp. 2d 1307, 1313-14 (M.D. Ala. 2002) (applying "reasonable basis" test); *Anderson v. Allstate Life Ins. Co.*, No. 00-0958, 2001 WL 228057, *8 (S.D. Fla. Feb. 1, 2001) (same); *El Chico Rest. Inc. v. Aetna Sur. & Cas. Co.*, 980 F. Supp. 1474, 1478-79 (S.D. Ga. 1997) (same).

**B. Plaintiffs Cannot Prevail on Any of Their Claims Against the Sales Representatives.**

15. Without making any distinction between the Corporate Defendants and the Sales Representative, plaintiff asserts that "Defendants" are liable for Negligence (Count I), Strict Product Liability: Defective Design (Count II), Strict Product Liability: Failure to Warn (Count III), Breach of Express and Implied Warranty of Merchantability (Counts IV and V), Fraud (Count VI), and negligent misrepresentation (Count VII). *See generally* Complaint. Plaintiff cannot maintain any of these claims against the Sales Representative.

**i. Mr. Vandelune is not a "seller" or "supplier" under Alabama law.**

16. Pharmaceutical Sales Representatives under Alabama law are not considered sellers or suppliers of the prescription drug they represent. *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001) ("*Rezulin* I") (applying Alabama law) (pharmaceutical representatives are not sellers or suppliers of the

prescription drug they represent); *Devise v. Kenmore*, CV 03-J-943-S at 2 (N.D. Ala. May 12, 2003) (sales representative at Sears is not a seller under the AEMLD) (Appendix C hereto); *Bowman v. Coleman Co., Inc.*, No. 96-0448-P-C, Slip. Op. at 8 (S.D. Ala. Sept. 3, 1996) (retail store manager is not a "seller") (Appendix D hereto). The Sales Representative cannot be held liable under Strict Product Liability: Defective Design (Count II), because it is evident that he did not design, sell or supply the product and there are no specific obligations to that effect.

17. For the same reason, plaintiff cannot maintain a claim against the Sales Representative for breach of warranty (Counts IV, V). *See* Ala. Code §§ 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller"); *Rezulin I,* 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the professional representative).

**ii. There is no claim that Mr. Vandelune acted outside the scope of his employment.**

18. There is no claim by Plaintiff that the Sales Representative acted outside the scope of his employment and could be held personally liable under Alabama law. Alabama law requires that a corporate employee personally participate in the corporate wrongdoing. *See, e.g., Devise v. Kenmore, Inc.*, Civil Action No. 03-J-943-S, Slip Op. at 7-8 (N.D. Ala. May 12, 2003) (applying Alabama law and finding that an appliance salesman had no duty of disclosure to the plaintiff for an alleged defect in the product) (Appendix C hereto); *Bowman v. Coleman Co.*, Civil Action No. 96-0448-P-C, Slip Op.

at 8-11 (S.D. Ala. Sept. 3, 1996) (Magistrate Report and Recommendation) (Appendix D hereto) (declaring fraudulently joined a salesman of a heater who allegedly advised the purchaser-plaintiff that it was "a good heater" and that he "would not experience any problems with it;" court reasoned that the salesman could have no personal liability on a negligence or wantonness theory, because the salesman owed no duty to the plaintiff to prevent the heater from entering the stream of commerce and because the salesman lacked the training and expertise to perform an inspection as to the safety of the heater); *Mills v. Wex-Tex Industries*, 991 F. Supp. 1370, 1381-82 (M.D. Ala.1997) (employee not individually liable absent allegation of personal participation in alleged tortious conduct); *see also Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D. Ala. 1983); (same); *Turner v. Hayes*, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997) ("corporate employees are liable personally for the wrongful action of the company or its other employees only if they personally participate in the tort"), *rev'd in part on other grounds sub nom. Ex parte Atmore Community Hosp.*, 719 So. 2d 1190 (Ala. 1998).

19. Plaintiff's claims for negligence (Count I), failure to warn (Count III), fraud (Count IV) and misrepresentation (Count VII) also fail. The crux of all of these claims is that Corporate Defendants and their Sales Representative failed to disclose to the alleged prescribing physician(s) that Celebrex causes stroke, the injury of which plaintiff complains. These claims lack the specificity required to satisfy Rule 9(b) against the corporate defendants, much less the Sales Representative. Plaintiff cannot maintain any

of these claims against the Sales Representative and removal is based upon the pleadings before the court and not those not expressed.

20. Any finding to the contrary would defect that well-established Alabama doctrine and would in effect hold a corporate employee strictly liable, even if he was unaware of the dangers of stroke and even if he did nothing more than hand to the doctor the printed materials prepared by the Corporate Defendants and containing statements approved by the Food and Drug Administration.

21. Thus, Plaintiff is unable to sustain their causes of action for negligence, negligent misrepresentation, failure to warn and fraud against Mr. Vandelune.

22. Plaintiff also cannot prevail on a fraud claim because she has failed to plead fraud with particularity. *Compare* Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity), *with* Ala. R. Civ. P. 9(b), Comment (stating that the Alabama Rule is identical to the federal rule).

## III. **PROCEDURAL REQUIREMENTS FOR REMOVAL**

23. On June 15, 2005 Pfizer was served with a copy of the Summons and Complaint. Because this Notice of Removal is being filed within 30 days of the service of the Complaint on Defendant, it is timely under 28 U.S.C. § 1446(b). Defendant Robert Vandelune was served on June 16, 2005. Defendants Pharmacia Corp. and G.D. Searle LLC were also served on June 16, 2005. Defendants who have not been served nevertheless make their appearance and join in this removal.

24. The United States District Court for the Middle District of Alabama Northern Division embraces the county in which the state court action is now pending and thus this Court is a proper venue for this action pursuant to 28 U.S.C. § 81(b)(1) and 1441(a).

25. Copies of all process, pleadings and orders are collectively attached to this Notice of Removal as Exhibit 2 pursuant to 28 U.S.C. § 1446(a).

26. Defendants are filing written notice of this removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d). Copies of the Notice of Filing Notice of Removal together with a copy of this Notice of Removal are being served upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

27. **If any question arises as to the propriety of the removal of this action, Defendants Pfizer, Searle and Pharmacia request the opportunity to present a brief and oral argument in support of their position that this case is removable, and to conduct jurisdictional discovery.**

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of Barbour County, State of Alabama, bearing case # CV 2005 040, to this Court, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

Lawrence B. Clark (CLA-012)
Wendy A. Madden (MAD-032)
Gilbert C. Steindorff, IV (STE-173)
Attorneys for G.D. Searle LLC, Pharmacia Corporation and Pfizer Inc.

OF COUNSEL:

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 15th day of July, 2005

Navan Ward, Jr., Esq.
Andy D. Birchfield, Jr., Esq.
Paul Sizemore, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, Alabama 36103-4160

OF COUNSEL