IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 JUL 15 P 5: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ROSIE WARE, an Individual,

                Plaintiff,

v.

PFIZER INC., a Delaware Corporation;
PHARMACIA CORPORATION, a
Delaware Corporation; MONSANTO
COMPANY, a Delaware Corporation;
G.D. SEARLE, LLC, a Delaware
Corporation; Robert Vandelune; And
fictitious Defendants A,B,C and D being
those persons, firms or corporations
whose actions, inactions, fraudulent
suppression, fraud, scheme to defraud
and/or other wrongful conduct caused or
contributed to the Plaintiff's injuries and
damages, and whose true names and
identities are presently unknown to the
Plaintiff but will be substituted by
amendment when ascertained,

                Defendants.

Case No.: CV- 2:05-CV-0659-SRW

## ANSWER AND DEFENSES OF DEFENDANTS PHARMACIA CORPORATION, G.D. SEARLE LLC AND PFIZER INC. TO PLAINTIFF'S COMPLAINT

Defendants Pharmacia Corporation (formerly "1933 Monsanto," see Paragraph 5, and improperly captioned in Plaintiff's Complaint as Monsanto Company), G.D. Searle LLC and Pfizer Inc. (collectively "Defendants"), answer Plaintiff's complaint in this action as follows:

### PRELIMINARY STATEMENT

In November 2001, Celebrex® was approved, as labeled, by the United States Food and Drug Administration ("FDA") as a prescription medication. At times Celebrex® was advertised, promoted, marketed, and distributed in the United States by Defendants or one of

their subsidiaries to be prescribed by healthcare providers who were authorized by law to prescribe medications in accordance with their approval by the FDA.

In April 2003 Pfizer merged with Pharmacia and the responsibilities for Celebrex® were reallocated. G. D. Searle LLC (Searle) is presently a wholly owned third tier subsidiary of Pharmacia which in turn is a wholly-owned subsidiary of Pfizer.

This preliminary statement is incorporated by reference in its entirety in response to each and every paragraph of plaintiff's complaint.

## ANSWERING:
## GENERAL ALLEGATIONS

1.-2.    No response is required. To the extent a response is deemed required, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs, and therefore deny the same.

3.    Defendants admit that Searle is a wholly-owned subsidiary of Pharmacia Corporation, which is in turn a wholly-owned subsidiary of Pfizer. Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Skokie, Illinois and is not registered to do business in Alabama. Defendants further admit that Searle can be served at the designated address. Defendants admit that at times Searle has manufactured, marketed, sold and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

4.    Defendants admit that Pharmacia is a Delaware corporation. Defendants admit that Pharmacia is registered to do business in Alabama with a registered agent for service of process at the address alleged.

467529-1                                    2

5.      Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation. Defendants state that Pharmacia Corporation (formerly known as 1933 Monsanto) is a Delaware Corporation. On February 9, 2000, Monsanto Ag Company was incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia. As the 2000 Monsanto does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®, defendants are therefore assuming that the 2000 Monsanto is not a party in this matter.

6.      Defendants admit that Pfizer is a Delaware corporation. Defendants admit that Pfizer is registered to do business in Alabama with a registered agent for service of process at the address alleged. Defendants admit that at times they marketed, distributed and sold Celebrex® throughout the United States.   Except as stated herein, defendants deny the allegations of Paragraph

7.      Defendants admit that Robert Vandelune is a sales representative for Pfizer and can be served at the address stated therein.

8.      No response is required. To the extent a response is deemed required, Defendants have insufficient information or knowledge to form a belief as to the truth of the allegations contained in these paragraphs, and therefore deny the same,

9.      Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § § 81(b)(1), 1441.

467529-1                                    3

10.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the indications described in its labeling. Defendants admit that at times they marketed, distributed and sold Celebrex® throughout the United States.  Except as stated herein, defendants deny the allegations of Paragraph 10.

11-12. Denied.

ANSWERING:
BACKGROUND

13.    Defendants admit that at times they manufactured, marketed, and distributed Celebrex® in the United States to be prescribed by healthcare providers who are authorized by law to prescribe medications in accordance with their approval by the FDA.  Except as stated herein, defendants deny the allegations contained in Paragraph 13.

14.    Defendants state that Celebrex® is a prescription medication which was at all times relevant to this suit approved by the FDA for use consistent with its prescribing information. Except as stated herein, defendants deny the allegations contained in Paragraph 14.

15.    Denied.

16.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph, therefore deny the same.

17.    No response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 17.

18-19. Denied.

20.    No response is required. However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

ANSWERING:

467529-1

4

FIRST CAUSE OF ACTION
NEGLIGENCE

21.    Defendants incorporate by reference their response to the prior paragraphs as if fully set forth herein.

22.    Denied.

23.    Defendants state that these allegations are conclusions of law and hence require no response. Except as stated herein these allegations are denied.

24-28. Denied as to each of these paragraphs and each of the subparts thereof.

29.    No response is required. However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441. Except as stated herein these allegations are denied.

ANSWERING:
SECOND CAUSE OF ACTION
STRICT PRODUCTS LIABILITY
DEFECTIVE DESIGN

30.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

31-33.    Denied as to these paragraphs and each of the respective subparts thereof.

34. Defendants are without sufficient information to either admit or deny the allegations of Paragraph 33 and therefore deny the same.

35-38. Denied as to these paragraphs and each of the respective subparts thereof. However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

467529-1                                           5

ANSWERING:
THIRD CAUSE OF ACTION
STRICT PRODUCTS LIABILITY
FAILURE TO WARN

39.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

40.    Denied.

41.    Defendants are without sufficient information to either admit or deny the allegations of Paragraph 41 and therefore deny the same.

42.    Denied.

43.    Defendants state that these allegations are conclusions of law and hence require no response. Except as stated herein these allegations are denied.

44-49. Denied. However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

ANSWERING:
FOURTH CAUSE OF ACTION
BREACH OF EXPRESS WARRANTY OF MERCHANTABILITY

50.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

51.    Defendants Pfizer, Searle and Pharmacia admit to advertising Celebrex® directly to consumers. Except as stated herein Defendants deny the allegations contained in Paragraph 51.

52.    Defendants admit only that its sales representatives detailed Celebrex® to physicians consistent with FDA approved prescribing information. Except as stated herein, defendants deny the allegations contained in Paragraph 52.

467529-1

6

53-55. Denied.

56.    No response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 56.

ANSWERING:
FIFTH CAUSE OF ACTION
BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

57.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

58-59.    Defendants state that these allegations are conclusions of law and hence require no response. Except as stated herein these allegations are denied.

60-68.    Denied as to these paragraphs and each subpart thereof.    However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

ANSWERING:
SIXTH CAUSE OF ACTION
FRAUD

69.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

70-83. Denied as to these paragraphs and each subpart thereof.    However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

ANSWERING:
SEVENTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

84.    Defendants incorporate by reference their responses to the prior paragraphs as if fully set forth herein.

85-98.    Denied as to these paragraphs and each subpart thereof.  However, Defendants state that this case is properly removed to the U.S. District Court for the Middle District of Alabama pursuant to 28 U.S.C. § 1441.

### ANSWERING:
### PLAINTIFFS' PRAYER FOR DAMAGES AND RELIEF

In response to the unnumbered final paragraph in Plaintiff's complaint, Defendants deny that Plaintiff's are entitled to judgment or that there is any legal or factual basis for an award of damages or other relief to Plaintiffs in this action from Defendants.

### DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to defendants in this matter.  Defendants therefore assert the following defenses in order to preserve the right to assert them.  Upon completion of discovery, and if the facts warrant, defendants will withdraw any of these defenses as may be appropriate.

### FIRST DEFENSE

The complaint fails to state a claim against defendants upon which relief can be granted. Specifically, Plaintiff seeks monetary damages and relief for personal injuries pursuant to Ala. Code Ann. § 11-7-13, a non-existent code section in Alabama.

467529-1

8

## SECOND DEFENSE

Plaintiff's claims may be barred by the applicable statute of limitations or by the equitable doctrines of laches and estoppel, and is otherwise untimely.

## THIRD DEFENSE

Plaintiff's injuries and damages, if any, were solely caused by the acts or omissions, abuse or misuse, negligence or fault, of Plaintiff and or third persons or parties over whom Defendants had no control or right to control and whose actions are not, therefore, imputable to Defendants.

## FOURTH DEFENSE

Plaintiff's injuries, if any, were due to an allergic, idiosyncratic or idiopathic reaction to Celebrex®, or by an unforeseeable illness, unavoidable accident, or pre-existing condition, unrelated medical, genetic and environmental condition, disease or illness, subsequent medical condition or natural course of conditions, without any negligence or culpable conduct by Defendants.

## FIFTH DEFENSE

Plaintiff failed to exercise reasonable care and diligence to mitigate her injuries and damages, if any.

## SIXTH DEFENSE

Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts §402A, Comment K.

467529-1

9

SEVENTH DEFENSE

Celebrex® is safe when used as directed, and defendants reasonably assumed that its warnings would be read and heeded; therefore, Celebrex® is neither defective nor unreasonably dangerous pursuant to Restatement (Second) of Torts §402A, Comment J.

EIGHTH DEFENSE

Celebrex® falls under the auspices of the Food, Drug and Cosmetic Act and regulations promulgated by the Food and Drug Administration and plaintiff's claims have been preempted under the Supremacy Clause of the U.S. Constitution. Alternatively, defendants are entitled to a presumption that Celebrex® is not defective or unreasonably dangerous and that its labeling is adequate. Additionally, Plaintiff's claims are barred, in whole or in part, under applicable state law, because Celebrex® was subject to and received pre-market approval by the FDA under 52 Stat. 1040, 21 U.S.C, § 301.

NINTH DEFENSE

Celebrex® and defendants' actions conformed to the state of the art of medical and scientific knowledge at all times relevant to this lawsuit and/or Celebrex® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability §4.

TENTH DEFENSE

Defendants aver that Celebrex® possesses no characteristic which renders it unreasonably dangerous in a reasonably anticipated use by a person.

467529-1

10

## ELEVENTH DEFENSE

Defendants satisfied their duty to warn under the Learned Intermediary Doctrine and plaintiff's claims are therefore barred. Further, Plaintiff's claims are barred in whole or in part under Restatement (Third) of Torts: Products Liability §6, Comment F.

## TWELFTH DEFENSE

Plaintiff's allegations of fraud, deceit, and fraudulent misrepresentations are not stated with the degree of particularity required by F.R.C.P. 9(b) and should be dismissed.

## THIRTEENTH DEFENSE

To the extent that plaintiff relies upon any theory of breach of warranty, her claims are barred because defendants did not make or breach any express or implied warranties, further, plaintiff failed to give reasonable and or timely notice to defendants of an alleged breach or breaches of warranty as required under Ala. Code § 7-2-607. Additionally, as a manufacturer and not a seller, defendants are not subject to liability for implied warranties without privity, i.e., proof of direct and specific transactions between Plaintiff and Defendants.

## FOURTHEENTH DEFENSE

Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages awards which arise under the United States Constitution and decisions of the United States Supreme Court including, but not limited to: *BMW of North America v. Gore,* 116 U.S. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 424 (2001); and *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003). Further, Plaintiff's claims for punitive damages are limited or barred by the standards governing exemplary damages, which arise under the

Constitution of Alabama, Alabama state statutes, and the decisions of Alabama state courts.

## FIFTEENTH DEFENSE

Upon information and belief, Plaintiffs injuries or looses as alleged in the complaint were caused in whole or in part through the operation of nature or other intervening cause or causes.

## SIXTEENTH DEFENSE

Plaintiff's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiff or those acting at the direction or control of Plaintiff, whose contributory negligence or fault is sufficient to bar any recovery by Plaintiff.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred by assumption of the risk.

## EIGHTEENTH DEFENSE

The imposition of punitive damages pursuant to current Alabama law violates the Due Process and Equal Protection provisions of U.S. Const. Amend. XIV; to wit, these Defendants have not been given fair notice of the standard of conduct which could subject them to a claim for punitive damages, and have not been given fair notice of the amount of punitive damages that may accompany a finding of liability. Alabama's current laws regarding punitive damages do not serve a rational or legitimate state interest.

## NINETEENTH DEFENSE

Plaintiff's claims for punitive damages would violate these Defendants' rights under the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendment of the Constitution of the United

467529-1                                  12

States of America and Article 1, Sections 1, 2, 6, 11, 13, 15, 27, and 35 of the Constitution of Alabama.

JURY DEMAND

Defendants demand a trial by jury on all issues so triable.

WHEREFORE, Defendants respectfully request that this matter be dismissed with prejudice and that they be awarded its costs and any other relief to which they may be entitled.

Respectfully submitted,

_____
Lawrence B. Clark (CLA-012)
Wendy A. Madden (MAD-032)
Gilbert C. Steindorff, IV (STE-173)
Attorneys for Pfizer Inc., G.D. Searle LLC
and Pharmacia Corporation

OF COUNSEL:

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

467529-1                                      13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 15th day of July, 2005.

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, Alabama 36103-4160

OF COUNSEL

467529-1

14