IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHISN DIVISION

| | | |
|---|---|---|
| **ROSIE WARE** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Case No: 2:05 cv 0659 |
| | * | |
| **G.D. SEARLE, LLC., et al.,** | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff hereby moves the Court to remand this case to the Circuit Court of Barbour County, Alabama. Federal subject matter jurisdiction is not present.

The citizenship of the parties is not diverse as required by 28 U.S.C. § 1332. Plaintiff is a resident of Alabama. (Compl. ¶ 2.) (see Attachment 1). Defendant Robert Vandelune is a resident of Alabama. (Compl. ¶ 7.) Defendant G.D. Searle, LLC is an Illinois corporation with its principal place of business in Skokie, Illinois. (Compl. ¶ 3.) Defendant Pharmacia Corporation is a Delaware Corporation with its principal place of business in New Jersey. (Compl. ¶ 4.) Defendant Monsanto Company is a Delaware Corporation with its principle place of business in Missouri. (Compl. ¶ 5.) Defendant Pfizer, Inc. is a Delaware Corporation with its principle place of business in New York. (Compl. ¶ 6.) Plaintiff asserts valid claims under Alabama law against each Defendant. Each party to this action is properly joined.

Because the Court does not have subject matter jurisdiction, Plaintiff respectfully urges the Court to grant her Motion to Remand this action to the Circuit Court of Barbour County, Clayton Division.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

This product liability action arises from the injuries sustained by Rosie Ware, the Plaintiff, as a result of taking the prescription drug known as Celebrex (Celecoxib). (Compl. ¶¶ 1, 2.) Celebrex is a Cox-2 selective non-steroidal anti-inflammatory agent (NSAID) commonly prescribed to treat pain by reducing inflammation. (Compl. ¶ 14.) Plaintiff was prescribed and used Celebrex. (Compl. ¶ 1.)

G.D. Searle, LLC, Pharmacia Corporation, Pfizer, Inc. and Monsanto Company (Removing Defendants) designed, developed, manufactured, packaged, labeled, promoted, marketed, advertised, sold, supplied and otherwise distributed Celebrex. (Compl. ¶¶ 3, 4, 5, 6.)

Furthermore, Robert Vandelune, (Alabama Defendant), presented false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy of Celebrex and its harmful side effects, and placed Celebrex in the stream of commerce. (Compl. ¶¶ 73, 74.) At all times relevant to Plaintiff's Complaint, all Defendants actually knew of the defective and unreasonably dangerous nature of Celebrex, yet the Defendants continued to develop, manufacture, package, label, promote, market, advertise, sell, and distribute Celebrex in such a way as to maximize sales and profits at the expense of public health and safety. Defendants did so with complete disregard of the foreseeable harm that Celebrex would cause in the lives of those who took it. (Compl. ¶¶14, 15.)

Plaintiff Rosie Ware was prescribed Celebrex and after ingesting Celebrex from 2000 to 2005, Plaintiff suffered a stroke. On June 13, 2005, Plaintiff filed suit in the Circuit Court of Barbour County, Alabama. Plaintiff asserted five causes of action against Defendants, including strict liability, negligence, breach of express warranty, fraud, and fraudulent suppression. The

Removing Defendants filed their Answer and Notice of Removal on July 15, 2005. Plaintiff urges the Court to remand this action to state court in accordance with 28 U.S.C. § 1447(c).

## ARGUMENT

It is well-settled that federal courts are courts of limited jurisdiction and are "empowered to hear only cases within the judicial power of the United States as defined by Article III of the Constitution," or authorized by Congress. *University of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

28 U.S.C. § 1447(c) provides, in relevant part, that after a case has been removed to federal district court, but "at any time before final judgment," the plaintiff may move for remand; and that "the case *shall* be remanded [if] it appears that the district court lacks subject matter jurisdiction." (emphasis added). The statutes governing removal are jurisdictional; for that reason, and because removal jurisdiction raises significant federalism concerns, removal statutes must be strictly construed in favor of state court jurisdiction and against removal. *E.g.*, *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941); *see Clay v. Brown & Williamson Tobacco Corp.*, 77 F.Supp.2d 1220, 1221 (M.D.Ala. 1999) (De Ment, J.). On a motion to remand, Defendants, as the removing parties, bear the burden of establishing federal subject matter jurisdiction. *E.g.*, *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Because federal courts are courts of limited jurisdiction, all doubts about federal subject matter jurisdiction on removal should be resolved in favor of remand to state court. *e.g.*, *University of South Alabama*, 168 F.3d at 411; *Pacheco de Perez*, 139 F.3d at 1373; *Diaz*, 85 F.3d at 1505; *Seroyer v. Pfizer, Inc.*, 991 F.Supp. 1308, 1312 (M.D.Ala. 1997). All questions of fact and controlling law should be

3

resolved in favor of Plaintiff. *University of S. Ala.*, 168 F.3d at 411; *see also Shamrock Oil*, 313 U.S. at 108-09.

"An action is not properly removable if it consists of a non-separable controversy involving both resident and nonresident Defendants." *Coker v. Amoco Oil Co., Inc.*, 709 F.2d 1433, 1439 (11th Cir. 1983). Thus, where, as here, the removing defendant asserts federal subject matter jurisdiction based on an amount in controversy over $75,000 and the diversity of citizenship of the parties, 28 U.S.C. § 1332, the defendant must show there is actually complete diversity. *Triggs v. John Crum Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)).

I. **Diversity Jurisdiction Is Not Present**

In the present case, Plaintiff is a resident of Alabama, and Defendant Robert Vandelune is a resident of Alabama. The citizenship of the parties is not diverse as required by 28 U.S.C. § 1332. In her Complaint, Plaintiff states valid state law claims against all Defendants.

Defendants do not dispute that complete diversity is missing on the face of Plaintiff's Complaint, but contend that Defendant Vandelune's citizenship can be disregarded on the ground that he was fraudulently joined. (Notice of Removal, ¶ 11) (see Attachment 2). The Removing Defendants have utterly failed to carry their burden on this issue, and thus cannot show the existence of federal subject matter jurisdiction.

A. **Standards for Fraudulent Joinder**

The party seeking to remove a case claiming that the federal court has subject matter jurisdiction bears a heavy burden. This burden is especially high when the defendant alleges fraudulent joinder as the basis for subject matter jurisdiction. *Frontier Air Lines, Inc. v. United*

*Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). The Eleventh Circuit has recognized three situations where a joinder could be deemed fraudulent:

> 1. There is no possibility that the Plaintiff can prove a cause of action against any resident defendant;
>
> 2. There is outright fraud in the Plaintiff's pleading of jurisdictional facts; and
>
> 3. Where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs* v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998) (citations omitted).

Defendants do not argue that Plaintiff fraudulently pled jurisdictional facts to bring this case in state court. Neither do Defendants argue that Defendant Vandelune has no connections to this action. Rather, Defendants argue that there is no reasonable basis that Plaintiff can establish any cause of action against Defendant Vandelune. (Notice of Removal, ¶ 13.) Defendants mistake the appropriate standard in the Eleventh Circuit. To defeat all allegations of fraudulent joinder, Plaintiff need only prove a possibility of recovery.

> If there is *even a possibility* that a state court would find that the Complaint states a cause of action against any one of the resident Defendants, the federal court must find that the joinder was proper and remand the case to state court. *Coker v. Amoco Oil Co.*, 709 F.2d at 1440-1441 (emphasis added). The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.

*Triggs*, 154 F.3d at 1287.

As the removing parties, the Defendants bear the heavy burden of showing that Defendant Vandelune was fraudulently joined. *Pacheco de Perez*, 139 F.3d at 1380; (11th Cir. 1997). This Court's inquiry is limited to determining whether Plaintiff has a *possibility* of stating a valid cause of action against Defendant Vandelune under state law. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Crowe*, 113 F.3d at 1538. In making this determination, this Court must evaluate all factual allegations in the Complaint in the light most favorable to Plaintiff, resolving all contested issues of substantive fact in his favor and must resolve any uncertainties as to the current state of the controlling substantive law in Plaintiff's favor as well. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1536, 1561 (11th Cir. 1989).

Consistent with the above-mentioned authority, various federal courts have entered orders of remand under circumstances nearly identical to the case at hand, rejecting fraudulent joinder arguments and holding that Plaintiff had stated valid claims against the resident Defendant. *Barlow v. Merck & Co., Inc., et al*, CV-02-T-1227-N (M.D. Ala.) (Thompson, J.); *Lauderdale v. Merck & Co., Inc., et al.*, Civil Action No.: 1:01cv418-EMB (N.D. Miss.).

Viewing the Complaint's allegations in a light most favorable to the Plaintiff, Plaintiff has stated valid claims for defective design and failure to warn under AEMLD and for breach of warranty, fraud and suppression. Federal diversity jurisdiction is not present.

### B. Plaintiff Has Stated a Valid Product Liability (AEMLD) Claim Against the Resident Defendant.

To establish liability under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), a plaintiff must demonstrate that:

(1)   He suffered injury or damages to himself or her property by one who sells a product in a defective condition unreasonably dangerous to the plaintiff as the ultimate user or consumer, if

6

      (a)    the seller is engaged in the business of selling such a product, and

      (b)    it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2)    Showing these elements, the plaintiff has proved a prima facie case although

      (a)    the seller has exercised all possible care in the preparation and sale of her product, and

      (b)    the user or consumer has not bought the product from, or entered into any contractual relation with, the seller.

*E.g., Casrell v. Altec Industries, Inc.*, 335 So.2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So.2d 134, 141 (Ala. 1976); *accord, e.g., Clay*, 77 F.Supp.2d at 1223; *Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.). Stated differently, to establish a *prima facie* case for an AEMLD claim, a plaintiff need only show that (1) Defendants are engaged in the business of manufacturing, supplying, or selling the product in question; (2) the product was in a defective condition unreasonably dangerous when applied to its intended use in the usual manner; and (3) the plaintiff was injured as a proximate result of Defendants' placing the product on the market.

Plaintiff has alleged that Defendants, including Defendant Vandelune designed, developed, manufactured, packaged, labeled, <u>marketed</u>, <u>advertised</u>, <u>misrepresented</u>, sold, and otherwise distributed Celebrex. (Compl. ¶¶ 13, 14, 15.) Celebrex is defective and unreasonably dangerous as designed[1], due to inadequate testing, and due to inadequate warnings or instructions. Defendants inadequately warned or instructed Plaintiff and the medical community

---

[1] The question of whether or not a product is unreasonably dangerous is a question of fact for the jury to decide. *Koehring Cranes & Excavators, Inc v Livingston*, 597 So.2d 1354, 1355 (1992); *Casrell*, 335 So.2d at 133.

of the dangers of Celebrex and failed to provide timely and adequate post-marketing. (Compl. ¶¶ 13, 14, 15.) As a direct and proximate consequence, Plaintiff was prescribed and used Celebrex, and suffered a stroke. (Compl. ¶ 16, 17.) Plaintiff has stated a valid claim against all Defendants, non-resident and resident alike.

Defendants incorrectly assert that Defendant Vandelune cannot be a "seller" within the meaning of the AEMLD and cannot be held individually liable under the AEMLD. Defendants have failed to satisfy their burden of showing there is no possibility, that Plaintiff states a cause of action under AEMLD claim against Defendant Vandelune.

Under Alabama law, Defendant Vandelune may properly be held liable for his individual participation in the tortuous acts and omissions that harmed Plaintiff. *Ex parte Charles Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986). Defendant Vandelune fraudulently suppressed material information regarding the safety and efficacy of Celebrex, misrepresented the safety and efficacy of Celebrex, and participated in an aggressive marketing campaign. Accordingly, a finding of individual liability against the Sales Representative Defendants under the AEMLD would be consistent with the "general rule" under Alabama law that "officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D.Ala. 1983); see *Chandler v. Hunter*, 340 So.2d 818, 822 (Ala.Civ.App. 1976).

Various federal courts have <u>rejected</u> arguments that defendants who distribute unreasonably dangerous products, as well as individual employees of manufacturer defendants, cannot be held liable under AEMLD. *E.g., Clay*, 77 F.Supp.2d at 1224 (De Ment, J.); *Seaborn v.*

Case 2:05-cv-00659-MHT-SRW    Document 6    Filed 07/26/2005    Page 9 of 12

*R.J. Reynolds Tobacco Co.*, 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, No. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, No. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.).

The decisions in *Clay, Seaborn* and *Reynolds* are instructive regarding the joinder of in-state distributor and corporate employee Defendants. In each of these cases, the defendant tobacco companies claimed plaintiff's joinder of the local distributors and the manufacturer's sales representative as Defendants was fraudulent. Relying on the general principle noted above that officers or employees of a corporation are liable for torts in which they have personally participated, *e.g.*, *Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g.*, *Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3. Each court accordingly deemed it appropriate to allow plaintiff to pursue the distributors and employee sales representatives individually -- even in the absence of any personal contact with the plaintiff, and to substitute new individual defendants in the event plaintiff had named the wrong individuals at the outset. *Id.* Finding it "conceivable" that plaintiff's AEMLD claims against the in-state employee "may be viable," *Clay*, 77 F.Supp. 2d at 1224, or that such claims satisfied the Rule 11 standard, *e.g.*, *Seaborn*, 1996 WL 943621, *4, each court rejected defendants' claim of fraudulent joinder and remanded plaintiff's complaint to state court. Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes was improvidently removed.

      **C.**      **Plaintiff Has Stated Valid Claims of Negligence, Failure to Warn, Fraud, and Negligent Misrepresentation Claims Against the Alabama Defendant**

Plaintiff has asserted viable negligence, failure to warn, fraud, and misrepresentation claims against Defendant Vandelune. According to the Removing Defendants, Defendant Vandelune owed no duty to Plaintiff--he made no representations to Plaintiff and generally had no dealings with Plaintiff. By making representations concerning Celebrex as he marketed it to physicians, Defendant Vandelune *voluntarily assumed* such a duty to warn of the drug's dangerous side effects. *See, e.g., J.B. Bowden v. E. Ray Watson Co., Inc.*, 587 So.2d 944, 946 (Ala. 1991); *King v. National Spa and Pool Institute, Inc.*, 570 So.2d 612, 614 (Ala. 1990). Clearly, Defendant Vandelune had a duty to warn ultimate consumers and physicians with whom he met of the potential dangers associated with the use of Celebrex.

Defendants argue that Plaintiff failed to plead allegations of negligence, failure to warn, fraud, and misrepresentation with the specificity required by Rule 9, *Ala. R. Civ. P.* (Notice of Removal ¶ 19.) Plaintiff clearly alleged in the Complaint facts sufficient to satisfy the requirements of Rule 9. First, Rule 9(b) only applies to fraud, mistake, and condition of mind; not negligence, failure to warn, and misrepresentation as the Defendants attempt to argue. Additionally, Rule 9(b) requires that "the circumstances constituting the fraud be pleaded, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton*, 363 So. 2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud… (do) not require every element… To be stated with particularity…" (Emphasis supplied.) *Id.* When, as here, the defendant is reasonably apprised that the claim against him is one for

10

fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements.

Plaintiff has stated valid claims for negligence, failure to warn, fraud and negligent misrepresentation in her Complaint with the specificity required by Rule 9. Defendant Vandelune is a properly joined party to this action. Consequently, federal diversity jurisdiction is not present and the case should be remanded to state court.

## CONCLUSION

For the reasons outlined above, this Court lacks subject matter jurisdiction. Therefore, Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of Barbour County, Alabama.

JERE L. BEASLEY (BEA020)
ANDY D. BIRCHFIELD, JR. (BIR006)
PAUL SIZEMORE (SIZ004)
NAVAN WARD, JR. (WAR062)

Attorneys for Plaintiff

**OF COUNSEL:**

BEASLEY, ALLEN, CROW, METHVIN,
  PORTIS & MILES, P.C.
Post Office Box 4160
Montgomery, Alabama 36103-4160
Phone  (334) 269-2343
Fax    (334) 954-7555

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document upon all counsel of record <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 26th day of July, 2005.

ROBERT VANDELUNE
1206 Rampart Road
Dothan, Alabama 36303

PFIZER, INC.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

MONSANTO COMPANY
800 North Lindbergh Boulevard
St. Louis, Missouri 63167

G.D. SEARLE, LLC
4901 Searle Parkway
Skokie, Illinois 60077

PHARMACIA CORPORATION
100 U.S. Highway 206 North
Peapack, New Jersey 07977

_____
OF COUNSEL