IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSIE WARE, an Individual, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CV-05-0659 |
| | ) |
| PFIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware Corporation; MONSANTO COMPANY, a Delaware Corporation; G.D. SEARLE, LLC, a Delaware Corporation; Robert Vandelune; And fictitious Defendants A,B,C and D being those persons, firms or corporations whose actions, inactions, fraudulent suppression, fraud, scheme to defraud and/or other wrongful conduct caused or contributed to the Plaintiff's injuries and damages, and whose true names and identities are presently unknown to the Plaintiff but will be substituted by amendment when ascertained, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

Defendants G.D. Searle LLC ("G.D. Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company), and Pfizer Inc. ("Pfizer") (collectively hereinafter "Corporate Defendants") move this Court to deny Plaintiff's Motion to Remand.

This Response in Opposition is based on: (1) the Memorandum Brief in Support of Defendant's Response in Opposition to Plaintiff's Motion to Remand; and (2) the pleadings on file with the Court. As discussed in the Memorandum Brief in Support of

Defendants' Response in Opposition to Plaintiff's Motion to Remand, remand is inappropriate because Defendant Robert Vandelune, a pharmaceutical sales representative, has been fraudulently joined. There is no possibility that Plaintiff may establish her claims against Mr. Vandelune because, based on the allegations in the Complaint at the time of removal:

(1) Plaintiff's Complaint does not state factually sufficient claims against Mr. Vandelune;

(2) Plaintiff fails to state legally cognizable causes of action under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) or breach of express and implied warranty because Mr. Vandelune is not a "seller" or "supplier" under Alabama law and cannot be held liable for these claims;

(3) Mr. Vandelune cannot be held liable for failure to warn Plaintiff or the public under the application of the learned intermediary doctrine;

(4) As a pharmaceutical sales representative, Mr. Vandelune cannot be held liable for design defect, a theory which applies only to manufacturers;

(5) Plaintiff's claims for fraud and negligent misrepresentation fail to meet the requirements of Rule 9(b). Fed. R. Civ. P. 9(b); Ala. R. Civ. P. 9(b).

Defendants therefore respectfully request that Plaintiff's Motion to Remand be denied.

                                        Respectfully submitted,

                                        /s/ Michael L. Wade, Jr.
                                        Lawrence B. Clark    (CLA-012)
                                        Michael Wade         (WAD-020)
                                        Gilbert C. Steindorff, IV (STE-173)

                    Attorneys for G.D. Searle LLC, Pharmacia Corporation and Pfizer Inc.

OF COUNSEL:
ADAMS & REESE / LANGE SIMPSON LLP
2100 3rd Avenue North, Suite 1100
Birmingham, AL 35203
205.250.5000
205.250.5034 (fax)

## CERTIFICATE OF SERVICE

    I, the undersigned, hereby certify that on the 19th day of August, 2005, I caused the foregoing to be filed via the CM/ECF system, which will automatically provide electronic notice to the following counsel of record:

Navan Ward, Jr.
Andy D. Birchfield, Jr.
Paul Sizemore
Beasley, Allen, Crow, Methvin, Portis & Miles, P.C.
P.O. Box 4160
Montgomery, AL 36103

                            /s/ Michael L. Wade, Jr.
                                OF COUNSEL