IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSIE WARE, an Individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-05-0659 |
| ) | |
| PFIZER INC., a Delaware Corporation; ) | |
| PHARMACIA CORPORATION, a ) | |
| Delaware Corporation; MONSANTO ) | |
| COMPANY, a Delaware Corporation; G.D. ) | |
| SEARLE, LLC, a Delaware Corporation; ) | |
| Robert Vandelune; And fictitious ) | |
| Defendants A,B,C and D being those ) | |
| persons, firms or corporations whose ) | |
| actions, inactions, fraudulent suppression, ) | |
| fraud, scheme to defraud and/or other ) | |
| wrongful conduct caused or contributed to ) | |
| the Plaintiff's injuries and damages, and ) | |
| whose true names and identities are ) | |
| presently unknown to the Plaintiff but will ) | |
| be substituted by amendment when ) | |
| ascertained, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS'
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendants G.D. Searle LLC ("Searle"), Pharmacia Corporation ("Pharmacia" and also improperly captioned in Plaintiff's complaint as Monsanto Company), and Pfizer Inc. ("Pfizer") (collectively hereinafter "Corporate Defendants") hereby submit this Memorandum Brief in Support of their Response in Opposition to Plaintiff's Motion to Remand.

**PRELIMINARY STATEMENT**

Defendants respectfully request that this Court deny Plaintiff's Motion to Remand on the

1

ground that Defendant Robert Vandelune, a pharmaceutical sales representative, has been fraudulently joined. Under the Eleventh Circuit test for fraudulent joinder, remand should be denied where there is no possibility that Plaintiff might establish liability against Mr. Vandelune. Here, based upon the allegations in the Complaint at the time of removal, Plaintiff cannot establish her claims against Mr. Vandelune:

(1) Plaintiff's Complaint does not state factually sufficient claims against Mr. Vandelune;

(2) Plaintiff fails to state legally cognizable causes of action under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD) or breach of express and implied warranty because Mr. Vandelune is not a "seller" or "supplier" under Alabama law and cannot be held liable for these claims;

(3) Mr. Vandelune cannot be held liable for failure to warn Plaintiff or the public under the application of the learned intermediary doctrine;

(4) As a pharmaceutical sales representative, Mr. Vandelune cannot be held liable for design defect, a theory which applies only to manufacturers;

(5) Plaintiff's claims for fraud and negligent misrepresentation fail to meet the requirements of Rule 9(b). Fed. R. Civ. P. 9(b); Ala. R. Civ. P. 9(b).

## STATEMENT OF FACTS

This product liability case involves Celebrex®, a prescription medication approved, as labeled, by the United States Food and Drug Administration. The FDA approved Celebrex® on December 31, 1998 for use as a prescription drug for the relief of the signs and symptoms of osteoarthritis and rheumatoid arthritis. Celebrex®'s initial FDA approval and subsequent approvals for additional indications were based on extensive clinical and other testing. On February 16-18,

2005, the FDA held an Advisory Committee Meeting to discuss the alleged cardiovascular risk posed by Celebrex®. The FDA recommended by a vote of 30 to 1 that Celebrex® remain on the market. Celebrex® continues to be approved by the FDA for multiple indications as safe and effective for distribution within the United States.[1]

On June 14, 2005, Plaintiff filed this action in the Circuit Court of Barbour County, Clayton Division, State of Alabama seeking recovery "for injuries resulting in stroke" and "monetary damages for personal injuries caused by the drugs named herein and ingested by Plaintiff." (Complaint ¶ 1). Searle, Pharmacia, Pfizer, and Robert Vandelune, a pharmaceutical sales representative, have been named as Defendants.

Plaintiff alleges that she is an adult resident citizen of Alabama. (Compl. ¶ 2). Searle is, and was at the time the Complaint was filed, a limited liability company organized under the laws of Delaware with its principal place of business in Illinois, and therefore is and was a citizen of Delaware and Illinois. Pharmacia (previously known as Monsanto) is, and was at the time the Complaint was filed, a corporation organized under the laws of Delaware with its principal place of business in New Jersey, and therefore is and was a citizen of Delaware and New Jersey. Pfizer is, and was at the time the Complaint was filed, a corporation organized under the laws of Delaware with its principal place of business in New York, and therefore is and was a citizen of Delaware and

---

[1] A Petition to Coordinate Pre-Trial Proceedings is currently pending before the Judicial Panel on Multidistrict Litigation regarding the transfer of actions to *In re Bextra and Celebrex Products Liability Litigation* (MDL-1691, E.D. La.), *In re Bextra Marketing and Sales Practices Litigation* (MDL-1693, S.D. N.Y.), or *In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation* (MDL-1699, E.D. La.). Oral argument was heard by the JPMDL on July 28, 2005, at the United States Courthouse in Denver, Colorado. Counsel for Plaintiff has filed numerous Bextra and Celebrex cases in various state courts in Alabama, without naming non-diverse defendants. Defendants have timely removed all these actions. Recently, in an apparent attempt to defeat removal to Federal court, Counsel for Plaintiff has filed three cases in Alabama state courts and made general allegations against seven sales representatives, all of whom are alleged to be Alabama residents.

New York. Robert Vandelune ("resident Defendant") is a citizen of Alabama.

Plaintiff asserts the following allegations against all Defendants generally: (1) negligence; (2) strict product liability: defective design; (3) strict product liability: failure to warn; (4) breach of express warranty of merchantability; (5) breach of implied warranty of merchantability; (6) fraud; and (7) negligent misrepresentation.

Plaintiff does not dispute that the amount in controversy requirement for federal diversity jurisdiction is satisfied. *See* Plaintiff's Brief in Support of Motion to Remand ("Pl. Brief").

Plaintiff's Complaint was served on Pfizer on June 15, 2003. Pharmacia, Searle, and Mr. Vandelune were each served on June 16, 2005. Searle, Pharmacia, and Pfizer jointly filed a timely Notice of Removal with the Court on July 15, 2005. Plaintiff filed a Motion to Remand on July 26, 2005.

## ARGUMENT

I.   **PLAINTIFF'S MOTION TO REMAND SHOULD BE DENIED BECAUSE THE RESIDENT DEFENDANT WAS FRAUDULENTLY JOINED TO DEFEAT FEDERAL DIVERSITY JURISDICTION.**

The doctrine of fraudulent joinder prevents a plaintiff from defeating federal diversity jurisdiction by simply naming in-state defendants. Joinder of a non-diverse defendant is fraudulent where there is no possibility that the plaintiff would be able to establish a cause of action against a resident defendant. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).[2]

---

2 Numerous Courts have applied a "reasonable basis" test. *See In re Rezulin Prods. Liab. Litg.*, 133 F.Supp. 2d 272, 280 n.4 (S.D.N.Y. 2001) (explaining same); *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997) (applying "arguably a reasonable basis" test (quoting *Bobby Jones Garden Apt. v. Suleski*, 391 F.2d 172, 176-77 (5th Cir. 1968)); *BP Chems. Ltd. v. Jiangsu Sopo Corp.*, 285 F.3d 677, 685 (8th Cir. 2002) (applying "reasonable basis" test); *Schwartz v. State Farm Mut. Auto Ins. Co.*, 174 F.3d 875, 879 (7th Cir. 1999) (noting that it cannot "say that there is no possibility that a state court would someday" recognize plaintiff's liability theory, but upholding removal because that currently "is not a reasonable possibility"); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (applying "reasonable basis" test); *see also Woods v. Firestone Tire & Rubber Co.*, 560 F. Supp. 588, 591 (S.D. Fla. 1983) (applying "arguably

Fraudulent joinder may be shown by lack of a factual or legal basis for plaintiff's claims. *See Sellers v. Foremost Ins. Co.*, 924 F.Supp. 1116, 1118-19 (M.D. Ala. 1996) (Thompson, J.)(denying motion to remand because of uncontroverted evidence that the non diverse defendant was not liable); *Seaborn v. R.J Reynolds Tobacco Co.*, 1996 WL 943621 (M.D. Ala. Dec. 30, 1996) (Thompson, J).

### A. Plaintiff makes no specific factual allegations against Mr. Vandelune.

In determining fraudulent joinder, a court must evaluate the factual allegations *based on the plaintiff's pleadings at the time of removal. Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1997) (emphasis added). In *Sellers*, 949 F.Supp at 1119, this Court, in determining fraudulent joinder, established a standard that is equivalent to the standard imposed by F.R.C.P. 11: whether a plaintiff has made some showing that the allegations and factual contentions have some evidentiary support or are likely to have evidentiary support. *See also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F.Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against "defendants" resulted in finding fraudulent joinder); *Rezulin*, 168 F.Supp.2d at 140 (pharmaceutical representatives were fraudulently joined where plaintiffs made "no specific allegations" against them). There is "no better admission of fraudulent joinder of [non-diverse defendant]" than the failure of a plaintiff "to set forth any specific factual allegations" against them. *Lyons v. American Tobacco Co.*, 1997 WL 809677, *5 (S.D. Ala. 1997).

In the case *sub judice*, the only factual allegation against Mr. Vandelune is that he "presented false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy and its harmful side effects, and placed

---

reasonable basis" test); *TKI, Inc. v. Nichols Research Corp.*, 191 F.Supp. 2d 1307, 1313-14 (M.D. Ala. 2002) (applying "reasonable basis" test); *Anderson v. Allstate Life Ins. Co.*, No. 00-0958, 2001 WL 228057, *7 (S.D. Fla. Feb. 1, 2001) (same); *El Chico Rest. Inc. v. Aetna Sur. & Cas. Co.*, 980 F. Supp. 1474, 1478-79 (S.D. Ga. 1997) (same).

Celebrex in the stream of commerce." (Pl. Br. P. 2; Comp. ¶¶73, 74). Plaintiff's Complaint fails to state any case-specific fact upon which a viable claim can be based against Mr. Vandelune. The Complaint, for example, fails to identify Plaintiff's prescribing physician, fails to allege that Mr. Vandelune called on or communicated with Plaintiff or her prescribing physician, fails to allege that false and misleading information was given directly to either Plaintiff or her prescribing physician, and fails to allege that Plaintiff and/or her prescribing physician relied on such information. Information regarding the identity of sales representatives and their involvement in a case does not lie completely within the hands of the Corporate Defendants. Plaintiff's prescribing physicians can provide her with the names of sales representatives and information about their involvement in this case. *See, e.g., In re Rezulin Products Liability Litigation,* 2002 WL 31548715, at *1 (S.D.N.Y. 2002) (the time, place and substance of sales calls is not information solely within the defendant's control because the prescribing physicians obviously knew what happened, and "their allegiance, if any they have, is to the plaintiff"). Plaintiff's Complaint is devoid of any case-specific fact supporting a claim against Mr. Vandelune. Mr. Vandelune has been fraudulently joined to defeat diversity jurisdiction.[3]

### B.     Plaintiff fails to state legally cognizable causes of action.

Plaintiff fails to state any legally sufficient claims for relief against Mr. Vandelune. When challenging the legal basis for joinder of a non-diverse defendant, the appropriate inquiry is whether

---

3 Plaintiff has not argued that discovery might provide evidentiary support for her factually deficient claims. Corporate Defendants anticipate Plaintiff may argue this point in their Reply. This argument is without merit because in determining a motion to remand, a court looks to the allegations in the Complaint, rather than Plaintiff's wishful speculation as to what factual allegations might be made following discovery. Plaintiffs cannot be allowed to allege sales representative involvement in their Complaint, and then seek to bolster or substantiate their claims on the basis that discovery may provide factual evidentiary support. The mere fact that a plaintiff may request discovery would confirm that the allegations against a sales representative are speculative and without factual basis.

a plaintiff's claim "against a resident defendant is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *Sellers*, 924 F.Supp at 1119, n.*. There must be a reasonable basis for predicting that the state law might impose liability on the facts involved. *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997).

### 1. Plaintiff has no cause of action against Mr. Vandelune under the Alabama Extended Manufacturer's Liability Doctrine.

Although not specifically pled in her Complaint, Plaintiff argues in her Motion to Remand that a valid claim has been stated under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD). (Pl. B. p.6). Even if Plaintiff's Complaint asserts an AEMLD claim, Plaintiff fails to establish a legally sufficient claim against Mr. Vandelune under the AEMLD.[4] To establish liability under the AEMLD, a plaintiff must prove defendants manufactured or sold the allegedly defective product. *Turner v. Azalea Box Co.*, 508 So.2d 253, 254 (Ala. 1987). The AEMLD is "founded on broader moral notions of consumer protection and on economic and social grounds, placing the burden to compensate for loss incurred by defective products on the one best able to prevent the distribution of those products." *Atkins v. American Motors Corp.*, 335 So.2d 134, 139 (Ala. 1976). Thus, the AEMLD does not impose liability on lower level employees of a seller or supplier because "neither the applicable case law nor the policy objectives articulated by Alabama and other state courts support the extension of the AEMLD to encompass [employees of the seller or supplier]."

---

4 Corporate Defendants assume that Plaintiff's negligence claim is brought pursuant to the AEMLD. The AEMLD is a modified version of section 402A of the Restatement (Second) of Torts in products liability cases. The AEMLD, unlike strict liability, retains the fault concept and recognizes the right of a defendant to assert several affirmative defenses. Liability arises where the defendant has negligently placed on the market a product that is inherently or imminently dangerous to human life or health, or that, although not dangerous in itself, becomes so when applied to its intended use in the usual and customary manner. *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala. 1976).

*Bowman v. Coleman Co., Inc.*, No. 96-0448-P.-C, Slip Op. at 8 (S.D. Ala. Sept 3, 1996)(retail store manager is not a "seller"); *Devise v. Kenmore*, CV 03-J-943-S at 6 (N.D. Ala. May 12, 2003)(sales representative at Sears is not a seller under AEMLD). Pharmaceutical sales representatives are not considered sellers or suppliers of the prescription drug they represent. *See In re Rezulin Products Liability Litigation*, 133 F.Sup.2d 272, 287 (S.D.N.Y. 2001) (applying Alabama law)(finding resident pharmaceutical representatives fraudulently joined in claims for product liability under AEMLD, negligence, wantonness, fraudulent misrepresentation, and fraudulent suppression).

Further, Plaintiff has failed to allege any underlying facts establishing that Mr. Vandelune acted outside the scope of his employment and could be held personally liable under the AEMLD. Alabama law requires that a corporate employee personally participate in the alleged corporate wrongdoing. *See, e.g., Turner v. Hayes*, 719 So. 2d 1184, 1188 (Ala. Civ. App. 1997)("corporate employees are liable personally for the wrongful action of the company or its other employees only if they personally participate in the tort"). Because Mr. Vandelune neither manufactured nor sold Celebrex®, there is no possibility that Plaintiff can state a viable AEMLD claims against him.

2.  **Plaintiff has no cause of action against Mr. Vandelune for failure to warn.**

Plaintiff fails to establish a legally sufficient claim against Mr. Vandelune for failure to warn. In Plaintiff's Complaint, Plaintiff alleges that "Celebrex (celecoxib) was defective and unreasonably dangerous when it left the possession of Defendants in that it contained warning [sic] insufficient to alert the medical, pharmaceutical and/or scientific communities, and users and/or consumers of the drug, including Plaintiff, to the dangerous risks and associated with Celebrex (celecoxib)…" (Compl. ¶40). Further, "Defendants, as manufacturers of a prescription drug, is held [sic] to the level of knowledge of an expert in the field." (Compl. ¶43). As to the individual, Mr. Vandelune, Plaintiff

8

alleges no facts concerning whom he allegedly failed to warn. Even if Plaintiff had alleged a factual basis, Plaintiff cannot maintain a viable cause of action against sales representatives for failure to warn.

Although no Alabama court has directly decided the issue, numerous courts have held that pharmaceutical sales representatives cannot be held liable for failing to warn Plaintiff or the public because the learned intermediary doctrine has been found to extend to sales representatives. *Johnson v. Parke-Davis*, 114 F.Supp.2d at 524-25; *Rezulin I*, 133 F.Supp.2d at 282.

In *Johnson,* Judge Barbour denied a motion to remand an action naming the manufacturer of a prescription drug and non-diverse sales representative defendants. Plaintiffs alleged that the sales representatives breached a duty to warn plaintiffs of the potential dangers and side effects of Rezulin. Judge Barbour found that "any duty to warn that [the pharmaceutical corporation] or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians." *Id.* at 525 *citing Wyeth Laboratories, Inc. v. Fortenberry*, 530 So.2d 688, 691 (Miss. 1988) (citing learned intermediary rule). Plaintiffs also argued that the sales representatives failed to provide the plaintiffs' physicians with adequate information upon which to make an informed decision as to whether to prescribe Rezulin. *Id.* Judge Barbour found that this merely showed that defendants may have breached a duty owed to plaintiffs' physicians. Judge Barbour found that plaintiffs had no cause of action against the named sales representatives for failure to warn. *Id.*

In *In re Rezulin Products Liability Litigation*, 133 F.Supp.2d 272 (S.D.N.Y 2001) ("*Rezulin I*"), the MDL Judge, applying Mississippi law, found that the same considerations for the learned intermediary rule apply to sales representatives. "[W]here prescription drugs are concerned, the manufacturer's duty to warn is limited to an obligation to advise the prescribing physician of any

potential dangers that may result from the drug's use." *Id.* at 282 (*quoting Wyeth Laboratories*, 530 So.2d at 691). "If pharmaceutical sales representatives handling prescription drugs have any duty to warn anyone of dangers of their products, the duty is to warn the physicians to whom they promote the product. . . . [T]hey have no duty to warn patients." *Id.*

Like Mississippi, Alabama follows the learned intermediary doctrine. *Purvis v. PPG Indus., Inc.*, 502 So.2d 714 (Ala. 1987). A prescription drug manufacturer satisfies its duty to warn under the AELMD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician. *Stone v. Smith, Kline & French Laboratories, et al.*, 447 So.2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AELMD in the case of a prescription drug); *Gurley v. American Honda Motor Company*, 505 So.2d 358, 361 (Ala. 1987) (holding that a manufacturer fulfills its negligent failure to warn cause of action, as a matter of law, by distributing the product with reasonable warnings). Under Alabama law, a manufacturer owes a duty to warn the prescribing physician. As Mr. Vandelune is not a manufacturer, Plaintiff cannot state a viable cause of action against Mr. Vandelune for failure to warn. Further, Plaintiff's claim of failure to warn necessarily involves an allegation that Mr. Vandelune had specialized expert knowledge about the risks and benefits of Celebrex which were not included in the FDA approved package insert, and failed to provide that information to Plaintiff and her prescribing physician. Plaintiff has failed to allege any underlying facts that Mr. Vandelune had any specialized expert knowledge or provided any information to Plaintiff or her prescribing physician about Celebrex®.

3.      **Plaintiff has no cause of action against Mr. Vandelune for breach of express and**

**implied warranty.**

Plaintiff fails to establish a legally sufficient claim against Mr. Vandelune for either breach of express or implied warranty. In Plaintiff's Complaint, Plaintiff alleges "Defendants Searle, Pharmacia, Monsanto, Pfizer and Robert Vandelune made express representations to the consuming public at large through their aggressive marketing and advertising campaigns relative to the product, Celebrex" and "Celebrex does not conform to the express representations made through Defendants' advertising and marketing efforts." (Compl. ¶¶51, 53). Further, Plaintiff alleges "Defendant is a 'merchant' as defined in Alabama Code §7-2-104" and "Defendants knew of the intended, reasonably foreseeable and/or ordinary use of Celebrex (Celecoxib) and impliedly warranted the drug to be of merchantable quality and safe and fit for such use." (Compl. ¶¶58, 61). Plaintiff does not offer a factual basis for each of her warranty claims. Even if Plaintiff had alleged a factual basis, Plaintiff cannot maintain an action for breach of warranty against Mr. Vandelune who is not a seller and is not liable as a warrantor of a product. *See* Al. Code §§ 7-2-313(1) & 7-2-314(1) (2002) (both express and implied warranty claims refer to the creation of warranties by the "seller").

In a claim for breach of express warranty, Plaintiff must prove that a manufacturer or seller of a product made "[a]ny affirmation of fact or promise . . . which relates to the goods and becomes part of the basis of the bargain . . ." Al. Code §7-2-213(1)(a) (2002). An implied warranty arises when "seller is a merchant with respect to goods of that kind." Al. Code §7-2-314(1) (2002). Both breach of express and implied warranty claims require a finding that a seller or manufacturer breached a warranty. Mr. Vandelune, a sales representative, is not considered a "seller" under Alabama law. [5]

---

5 Significantly, even if Mr. Vandelune were considered a "seller", the mere delivery by a seller to a buyer of the manufacturer's express warranty is not sufficient to make the manufacturer's express warranty become an express

11

*Bowman v. Coleman Co., Inc.*, No. 96-0448-P.-C, Slip Op. at 8 (S.D. Ala. Sept 3, 1996)(retail store manager is not a "seller"); *Devise v. Kenmore*, CV 03-J-943-S at 6 (N.D. Ala. May 12, 2003)(sales representative at Sears is not a seller under AEMLD); *Johnson v. Parke-Davis*, 114 F. Supp.2d 522, 525 ("Plaintiffs have not cited any authority for the proposition that a sales representative, as opposed to the manufacturer of the product he or she was selling, would ever be liable as a warrantor of the product."); *see also* Section 20, comment g, Restatement (Third) of Torts: Product Liability (1998) (in defining one who sells or otherwise distributes states that "[p]ersons assisting or providing services to product distributors . . . are not subject to liability under the rules of this Restatement. . . . Sales personnel and commercial auctioneers are also outside the rules of this Restatement."). Accordingly, as with Plaintiff's AEMLD claim, because sales representatives are not considered sellers, Mr. Vandelune cannot be liable as the warrantor of Celebrex®.

   4.   **Plaintiff has no cause of action against Mr. Vandelune for defective design.**

Plaintiff fails to establish a legally sufficient claim against Mr. Vandelune for defective design. Although Plaintiff does not argue that she asserts a defective design claim in her Motion to Remand, Plaintiff makes no distinction between the Corporate Defendants and Mr. Vandelune in her Complaint. All claims are asserted generally against all defendants. In Plaintiff's Complaint, Plaintiff alleges that "Celebrex (Celecoxib) was designed, tested, inspected, manufactured, assembled, developed, labeled, sterilized, licensed, marketed, advertised, promoted, sold, packaged, supplied and/or distributed by Defendants" and "when placed in the stream of commerce, [Celebrex] contained unreasonably dangerous design defects and was not reasonably safe and fit for its intended

---

warranty by the seller. *Courtesy Ford Sales, Inc. v. Farrior*, 298 So.2d 26 (Ala. Civ. App. 1974), *superceded by statute on other grounds, Arnold v. Campbell*, 398 So.2d 301 (Ala. Civ. App. 1981). Again, Plaintiff has failed to allege a factual basis to maintain a breach of warranty against Mr. Vandelune.

12

or reasonably foreseeable purpose" (Compl. ¶32). Plaintiff does not offer any facts which would support the assertion of a design defect claim against Mr. Vandelune. Even if Plaintiff had made appropriate factual allegations, Plaintiff cannot maintain an action for design defect against Mr. Vandelune.

In order to establish a design defect claim, Plaintiff must prove that a safer, more practical alternative design was available to the *manufacturer* at the time it manufactured the product. *See General Motors Corp. v. Edwards*, 482 So.2d 1176, 1191 (Ala. 1985); ALJI 32.25. Mr. Vandelune, as a sales representative, is not a manufacturer of Celebrex® and cannot be held liable for design defect. Significantly, Celebrex® continues to be approved by the FDA as safe and effective.

5. **Plaintiff has no cause of action against Mr. Vandelune for fraud and negligent misrepresentation.**

Plaintiff fails to establish a legally sufficient claim against Mr. Vandelune for fraud and negligent misrepresentation. In Plaintiff's Complaint, Plaintiff alleges "Defendants recklessly, knowingly, intentionally, and fraudulently misrepresented to the medical, pharmaceutical and/or scientific communities, and users and/or consumer . . . the safety and efficacy of the drug . . . and/or material, adverse information regarding the safety and efficacy of Celebrex" and made the misrepresentations with the "intent that they reach users and/or consumers" and knew "the representations were false." (Compl. ¶¶70,71,72). Further, "Defendants negligently misrepresented or failed to exercise reasonable care in representing to the medical, pharmaceutical and/or scientific communities . . . the safety and efficacy of the drug and/or negligently concealed or failed to exercise reasonable care by concealing or failing to disclose . . . material, adverse information" regarding Celebrex. (Compl. ¶85). Plaintiff does not offer particularized factual allegations in support of her

13

fraud and negligent misrepresentation claims. Even if Plaintiff had alleged a factual basis, Plaintiff cannot maintain her actions for fraud and negligent misrepresentation against Mr. Vandelune.

In order to maintain a cause of action for fraud or negligent misrepresentation, Plaintiff must prove the (1) that the defendant made a false representation to the plaintiff; (2) that the representation concerned a material fact; (3) that the plaintiff relied on the representation; and (4) that the plaintiff incurred damage as a proximate result of the reliance. *Reeves Cedarhurst Development Corp. v. First American Federal Sav. and Loan Ass'n*, 607 So.2d 180, 182 (Ala.1992); *see also* Ala. Code §§ 6-5-101 & 6-5-103 (2002). Averments of fraud must be stated with particularity under either federal or Alabama law. Fed. R. Civ. Pro. 9(b); Ala. R. Civ. Pro. 9(b), Comment (stating that the Alabama rule is identical to federal rule). Particularity "requires plaintiff in pleading fraud to distinguish among defendants and specify their respective role in the alleged fraud." *McAllister Towing & Transportation Co. v. Thorn's Diesel Serv. Inc.*, 131 F.Supp.2d 1296, 1302 (M.D. Ala. 2001). The pleading requirements are not satisfied if plaintiff fails to "distinguish among defendants and specify their respective role in the alleged fraud." *Id.* Thus, a plaintiff must allege matters such as time, place, content and speaker of the allegedly fraudulent misrepresentations. *Id.*

Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation. Plaintiff does not specify the time, place, content and speaker of particular representations by Mr. Vandelune. Plaintiff's claims of fraud and misrepresentation also necessarily involve an allegation that sales representative Mr. Vandelune had specialized knowledge of the dangerous side effects of Celebrex®, but withheld the truth to mislead Plaintiff. Plaintiff fails to allege a factual basis for this assertion. Rather, Plaintiff alleges throughout her Complaint that Corporate Defendants concealed and misrepresented information about the alleged dangerous side effects of Celebrex®, including,

presumably, the sales representatives. Such general allegations fail to meet the requirements of Rule 9(b).

## CONCLUSION

In summary, Plaintiff offered no specific factual and individualized allegations to support any claim against Mr. Vandelune, but rather alleged general allegations against all Defendants. This, in combination with Plaintiff's failure to allege legally cognizable claims against Mr. Vandelune, fully warrant a finding that Mr. Vandelune was fraudulently joined to defeat federal diversity jurisdiction. For the reasons set forth above, Defendants respectfully request that Plaintiff's Motion to Remand be denied.

This 19th day of August, 2005.


Respectfully submitted,


/s/ Michael L. Wade, Jr.
Lawrence B. Clark     (CLA-012)
Michael Wade          (WAD-020)
Gilbert C. Steindorff, IV (STE-173)
Attorneys for G.D. Searle LLC, Pharmacia Corporation and Pfizer Inc.

OF COUNSEL:

ADAMS AND REESE/LANGE SIMPSON
2100 3rd Avenue North, Suite 1100
Birmingham, Alabama 35203
205 250-5050

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that the above and foregoing pleading has been served on all counsel of record by depositing a copy of same in the United States mail, properly addressed and postage prepaid on this 19th day of August, 2005

Navan Ward, Jr., Esq.
Andy D. Birchfield, Jr., Esq.
Paul Sizemore, Esq.
BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES
P. O. Box 4160
Montgomery, Alabama 36103-4160


                                      /s/ Michael L. Wade, Jr.
                                      OF COUNSEL