IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **ROSIE WARE** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| vs. | * | **Civil Action No.: 2:05 cv 0659** |
| | * | |
| | * | |
| **G.D. SEARLE, LLC, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S REPLY BRIEF
IN SUPPORT OF MOTION TO REMAND**

Because the Court does not have subject matter jurisdiction, Plaintiff respectfully urges the Court to grant the Motion to Remand this action to the Circuit Court of Barbour County, Alabama. 28 U.S.C. § 1447(c).

Plaintiff asserts valid claims under Alabama's Extended Manufacturer's Liability Doctrine (AEMLD), negligence, strict products liability: defect design and failure to warn, breach of express warranty, breach of implied warranty, fraud and negligent misrepresentation against each defendant – resident and non-resident alike. Each party to this action is properly joined. The citizenship of the parties is not diverse as required by 28 U.S.C. § 1332. Plaintiff is a resident of Alabama. (Compl. ¶ 2.) Defendant G.D. Searle, LLC is an Illinois corporation with its principal place of business in Illinois. (Compl. ¶ 3.) Defendant Pharmacia Corporation is a Delaware corporation with its principle places of business in New Jersey. (Compl. ¶ 4.) Monsanto Company is a Delaware Corporation with its principle place of business in Missouri. (Compl. ¶ 5.) Defendant Pfizer, Inc. is a Delaware corporation with its principle place of

business in New York. (Compl. ¶ 6.) Defendant Robert Vandelune, a sales representative for G.D. Searle, LLC, Pharmacia Corporation, Monsanto Company, and Pfizer Inc., is a resident of Alabama. (Compl. ¶¶ 7.)

## ARGUMENT

### I.   Defendants Have Failed To Meet the Heavy Burden of Proving Fraudulent Joinder

Defendants contend that Plaintiff has fraudulently joinded Alabama Defendant Vandelune. However, Plaintiff stands on her recitation that Defendants failed to meet their heavy burden of proving fraudulent joinder according to Eleventh Circuit law.

The Court's recitation of the law in *Thomas v. Jim Walter Homes, Inc.* supports Plaintiff's conclusion:

> The burden of proving fraudulent joinder rests with the removing party. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit prescribes a two-fold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) **that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court** or 2) that the plaintiff fraudulently pleaded jurisdictional fact. *Id.* at 1440. These determinations should be made based upon the plaintiff's pleadings at the time of removal. *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989). When considering the issue of fraudulent joinder, "the district court should resolve all questions of fact and controlling law in favor of the plaintiff and can consider any submitted affidavits and/or deposition transcripts."

*Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498, 1501 (M.D. Ala. 1996) (Albritton, J). The Court very recently affirmed the correctness of this standard in *Shields v. Washington National Ins. Co.*, 2005 WL 1523556 (M.D. Ala. June 28, 2005) (Albritton, J.):

> In *Parks v. New York Times* 308 F.2d 474, 478 (5th Cir. 1962), the court explained that
>
>> There can be no fraudulent joinder unless it [is] clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law as they exist when the petition to remand is heard. One or the other at least would be required before it could be said that there was no intention to get a joint judgment, and that there was no colorable ground for so claiming.

*Shields*, 2005 WL 1523556, at 3 (citing *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962).

The law in the Eleventh Circuit is not whether there is a reasonable basis for Plaintiff's claims (though Plaintiff believes she meets this standard as well), but whether there is a possibility that Plaintiff can establish a cause of action against the resident defendants in state court. To prevail, Defendant must show that there is no possibility that Plaintiff can recover under any claim contained in the complaint:

> If there is even a possibility that a state court would find that the Complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; **he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate.**

*Triggs*, 154 F.3d at 1287 (citations omitted); *see Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172, 177 (5th Cir. 1968).

Defendants contend that Plaintiff joined Alabama Defendant Vandelune solely for the purpose of defeating diversity jurisdiction and that Plaintiff does not make specific factual allegations against Defendant Vandelune. The Defendants contentions are extremely misguided. Plaintiff's complaint is replete with specific factual allegations against Defendants, which include Alabama Defendant Vandelune. As Plaintiff stated in paragraph 11 of her complaint, Defendants were specifically alleged to have: (1) marketed and distributed Celebrex directly to the consuming public; (2) encouraged the use of Celebrex in improper customers; (3) misrepresented the safety and effectiveness of Celebrex; (4) concealed and/or understated Celebrex's dangerous side effects. All Defendants, including Alabama Defendant Vandelune, breached their duty of care and were negligent in the marketing, promotion, sale, supply, and/or

distribution among other actions, concerning Celebrex. (Compl. ¶ 24.) All Defendants, including Alabama Defendant Vandelune, were engaged in the business of marketing, promoting, selling, supplying, and/or distributing, among other actions, the drug Celebrex, which is defective and unreasonable dangerous to user and/or consumers of Celebrex, including Plaintiff. (Compl. ¶ 31.) Additionally, Plaintiff has stated several other instances of specific factual allegations against Alabama Defendant Vandelune, including but not limited to, failure to warn claims (Compl. ¶ 40.), breach of warranty claims (Compl. ¶ 51, 60), fraud claims (Compl. ¶ 71), and negligent misrepresentation claims (Compl. ¶ 85.)  Consequently, Plaintiff's complaint clearly states case specific facts supporting a claim against Alabama Defendant Vandelune.

The removing party bears the heavy burden of proving that the joinder of the resident defendant was fraudulent. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983); *see Frontier Air Lines, Inc. v. United Air Lines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) (quoting *Chesapeake & Ohio Railway Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). Moreover, as the Court noted in *Thomas*, in the Eleventh Circuit there is a "strong policy . . . resolving any doubts in favor of deference to the state court." *Thomas*, 918 F. Supp. at 1504 (Albritton, J.).

Defendants have failed to meet their heavy burden of proving fraudulent joinder of the Defendants. Viewing the Complaint's allegations in a light most favorable to Plaintiff, Plaintiff has stated valid claims against the Alabama Defendant. Federal diversity jurisdiction is not present.

        **II.**    **Plaintiff Has Stated Valid Product Liability (AEMLD) Claims Against Alabama Defendant Vandelune**

Under the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), one who sells a product in a defective, unreasonably dangerous condition may be held liable by a plaintiff even though the seller exercised all possible care. *Casrell v. Altec Indus.*,

4

*Inc.*, 335 So. 2d 128, 132-33 (Ala. 1976); *Atkins v. American Motors Corp.*, 335 So. 2d 134, 141 (Ala. 1976); *see also Judson v. Nissan Motor Co.*, 52 F.Supp.2d 1352, 1360 (M.D.Ala. 1999) (De Ment, J.). The Supreme Court of Alabama in *First National Bank of Mobile v. Cessna Aircraft Co.*, 365 So. 2d 966 (Ala. 1978), illuminated a principle underlying AEMLD – that liability attaches to sellers solely because they have exposed an expected user of a product not reasonably safe to unreasonable risks:

> On whatever theory, the justification for the strict liability has been said to be that the seller, [b]y marketing his product for use and consumption, **has undertaken and assumed a special responsibility toward any member of the consuming public who may be injured by it; that the public has the right to and does expect, in the case of products which it needs and for which it is forced to rely upon the seller, that reputable sellers will stand behind their goods . . . The burden of accidental injuries caused by products intended for consumption [sic] be placed upon those who market them,** . . . and that the consumer of such products is entitled to the maximum of protection at the hands of someone, and the proper persons to afford it are those who market the products.

*First Bank of Mobile,* 365 So. 2d at 967 (quoting Restatment (Second) of Torts § 402A, Comment C).

Defendants argue that Alabama Defendant Vandelune cannot be held liable under AEMLD for the product liability claims because he is not a seller. Defendant Vandelune, as an Alabama sales representative, may properly be held liable for his participation in the marketing of Celebrex. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986). As Plaintiff stated in her Motion to Remand, Defendant Vandelune, as an Alabama Sales Representative, presented Celebrex to the medical, pharmaceutical, and/or scientific communities with false and misleading information regarding the safety and efficacy of Celebrex and suppressed material information regarding the safety and efficacy of Celebrex and its harmful side effects, and placed Celebrex in the stream of commerce. (Compl. ¶ 73, 74.)

Defendants in communications to physicians compared the efficacy of Celebrex to other existing pain relievers, including other COX-2 inhibitors, sought to distinguish Celebrex from other pain relievers already on the market, and worked to persuade physicians to prescribe Celebrex to their patients. Defendant Vandelune provided physicians with Celebrex product information. Throughout these activities, Defendant Vandelune worked to increase sales of Celebrex.

Plaintiff has alleged claims against Alabama Defendant Vandelune in that he marketed, advertised, sold, and/or otherwise distributed Celebrex. Celebrex is defective and unreasonably dangerous as designed, is unreasonably dangerous due to inadequate testing, and is defective in marketing due to inadequate warnings or instructions. Defendant Vandelune inadequately warned or instructed physicians of the dangers of Celebrex, or, alternatively, failed to provide timely and adequate post-marketing warnings or instructions after becoming aware of the risk of injury from taking Celebrex. As a direct and proximate consequence, Plaintiff was prescribed and used Celebrex and suffered physical injuries as a result. These allegations suffice to state a cause of action against Alabama Defendant Vandelune.

In working to increase sales, the Defendant Vandelune acted as a "seller" under AEMLD. A finding of individual liability under AEMLD against an Alabama Sales Representative would be consistent with the rule under Alabama law that "officers and employees of a corporation are liable for torts in which they have personally participated, irrespective of whether they were acting in a corporate capacity." *Ex parte Charles Bell Pontiac*, 496 So. 2d at 775 (citing *Candy H. v. Redemption Ranch, Inc.*, 563 F. Supp. 505, 513 (M.D. Ala. 1983)); see *Chandler v. Hunter*, 340 So. 2d 818, 822 (Ala. Civ. App. 1976).

Defendants site *In re Rezulin Prod. Liab. Litig.*, 133 F. Supp.2d 272, 287 (S.D.N.Y. 2001), in support of their argument. With all due respect to the United States District Court for

the Southern District of New York, Plaintiff asserts that Judge Kaplan's decision is contrary to the settled law of Alabama.

Plaintiff once again turns the Court's attention to previous decisions made by this Court, along with various federal courts, which have rejected the argument that employees of manufacturers who distribute unreasonably dangerous products cannot be held liable under the AEMLD for design defects, failure to warn and/or similar product liability doctrines. *E.g., Seaborn v. R.J. Reynolds Tobacco Co.*, 1996 WL 943621 (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Jenkins v. R.J. Reynolds Tobacco Co.*, no. 96-T-1489-N (M.D.Ala. Dec. 30, 1996) (Thompson, J.); *Acton v. R.J. Reynolds Tobacco Co.*, no. 96-C-2737-W (N.D.Ala. Oct. 23, 1996) (Clemon, J.); *Clay*, 77 F.Supp.2d at 1224 (De Ment, J.). In each of these cases, the defendant tobacco companies claimed the plaintiff's joinder of the manufacturer's sales representative was fraudulent. Relying on the general principle noted above that officers or employees of a corporation are liable for torts in which they have personally participated, *e.g., Ex parte Charles Bell Pontiac*, 496 So.2d at 775, each court noted that, to the extent the manufacturer defendant allegedly violated the AEMLD, "it acted through its employees; the company does not employ ghosts." *E.g., Clay*, 77 F.Supp.2d at 1224; *Seaborn*, 1996 WL 943621, *3. Accordingly, each court allowed plaintiffs to pursue the employee sales representatives individually -- even in the absence of any personal contact with the plaintiffs -- and to substitute new individual defendants in the event the plaintiffs had named the wrong individuals at the outset. *Id.* Similarly, in *Acton*, Judge Clemon entered an order of remand under circumstances nearly identical to those in *Seaborn*, finding the plaintiff's complaint against non-resident cigarette manufacturers and resident retailers of the manufacturers' cigarettes improvidently removed.

The Defendants cannot show the impossibility of Plaintiff stating design defect or failure to warn product liability claims against Defendant Vandelune. Defendant Vandelune is a properly joined party to this action. Therefore, federal diversity jurisdiction is not present and the case should be remanded back to state court.

### III. Plaintiff Has Alleged Valid Claims of Express and Implied Breach of Warranty Claims Against Alabama Defendant Vandelune

Defendants further contend that Plaintiff cannot proceed in prosecuting her claims for breach of warranty against Alabama Defendant Vandelune because he is not a "seller" of Celebrex. As established in the discussion regarding Plaintiff's claims for product liability, the Alabama Sales Representative was indeed acting as a "seller" under Alabama law. *Ex parte Charles Bell Pontiac-Buick-Cadillac-GMC, Inc.*, 496 So. 2d 774, 775 (Ala. 1986).

The absence of a direct or contractual relationship between Alabama Defendant Vandelune and Plaintiff does not bar a breach of warranty claim. *See e.g., Bishop v. Faroy Sales*, 336 So. 2d 1340, 1345 (Ala. 1976) (involving breach of warranty where the Court noted that a "seller" under the Uniform Commercial Code is "a person who sells or contracts to sell goods"). Under Alabama law, claims are available against agents of corporations for breach of warranty.

Plaintiff has stated valid claims against the Alabama Defendant Vandelune for breach of express and implied warranty. Consequently, each Defendant is properly joined to this action and this matter should be remanded back to state court.

### IV. Plaintiff Has Stated Valid Claims of Fraud and Negligent Misrepresentation Claims Against the Alabama Defendant Vandelune

Plaintiff has asserted viable fraud, and negligent misrepresentation claims against Defendant Vandelune. Defendants argue that Plaintiff failed to plead allegations of fraud and negligent misrepresentation with the specificity required by Rule 9, *Ala. R. Civ. P.* (Notice of

Removal ¶ 19.) Plaintiff clearly alleged in the Complaint facts sufficient to satisfy the requirements of Rule 9 against all Defendants. For instance, Plaintiff alleged that all Defendants, including Defendant Vandelune, misrepresented to and actively concealed from the medical communities and consumers, such as Plaintiff and her physician concerning: (1) insufficient studies regarding the safety and efficacy of Celebrex; (2) that Celebrex was fully and adequately tested despite knowledge of insufficient testing; (3) knowledge of prior studies linking Celebrex to adverse cardiovascular events; (4) knowledge of reports showing an increase of heart attacks associated with the use of Celebrex; and (5) downplaying the risk of Celebrex concerning increased heart attacks. (Compl. ¶ 75).

Additionally, Rule 9(b) only applies to fraud, mistake, and condition of mind; not negligent misrepresentation as the Defendants attempt to argue. Rule 9(b) requires that "the circumstances constituting the fraud be pleaded, it does not require that each element of fraud be delineated." *Spry Funeral Homes, Inc. v. Deaton*, 363 So. 2d 786 (Ala. 1978). The committee comments state, "(the) special requirement(s) as to fraud... (do) not require every element... To be stated with particularity..." (Emphasis supplied.) *Id.* When, as here, the defendant is reasonably apprised that the claim against him is one for fraud, and the claim is more than a generalized or conclusory statement of the fraud complained of, the pleading satisfies the rule's requirements.

## CONCLUSION

For the reasons outlined here and in the Motion to Remand, this Court lacks subject matter jurisdiction. The parties to this action are not diverse as required by 28 U.S.C. § 1332. Each party is properly joined to this action. Therefore, Plaintiff respectfully urges the Court to remand this action in its entirety to the Circuit Court of Barbour County, Alabama.

/s/ Navan Ward, JR.
Jere L. Beasley
Andy D. Birchfield, Jr.
J. Paul Sizemore, Jr.
Gerald B. Taylor, Jr.
Navan Ward, Jr.
Attorneys for Plaintiffs

OF COUNSEL:

BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.
P. O. Box 4160
Montgomery, AL 36103-4160

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing document upon the parties <u>as listed below</u> by placing a copy of same in the United States Mail, first class, postage prepaid on this the 25th day of August, 2005.

                                      /s/ Navan Ward, Jr.
                                      Of Counsel

ROBERT VANDELUNE
1206 Rampart Road
Dothan, Alabama 36303


PFIZER, INC.
c/o The Corporation Company, Registered Agent
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109


MONSANTO COMPANY
800 North Lindbergh Boulevard
St. Louis, Missouri 63167

G.D. SEARLE, LLC
4901 Searle Parkway
Skokie, Illinois 60077

PHARMACIA CORPORATION
100 U.S. Highway 206 North
Peapack, New Jersey 07977